# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WALTER TURNER, *et al.*,

    Plaintiffs,

v.

BANK OF AMERICA, N.A., *et al.*,

    Defendants.

Case No. 2:12-cv-1319-LDG (CWH)

**ORDER**

    In their complaint, Walter and Dondi Turner allege that Bank of America foreclosed upon their home in June 2011. The Turners further allege they had refinanced the home in April 2005, through, and as result of improper conduct by, Argent Mortgage Company. The Turners' complaint alleges causes of action against Argent, Bank of America, and other entities involved with the foreclosure. Argent moves to dismiss (#18), arguing, *inter alia,* that the first five counts are barred by the statute of limitations, and the last cause of action for wrongful foreclosure does not allege any conduct by Argent. Bank of America, ReconTrust Company, and Wells Fargo Bank join in the motion (#20), arguing that all claims are barred by the limitation periods and that the first five counts do not allege conduct attributable to them. The Turners have opposed (#19).

Motion to Dismiss

The defendants' motions to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenge whether the plaintiffs' complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.,* at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the

2

mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)).  Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim.  *Id.*, at 567.

Factual Background

As the present matter comes before the Court on defendants' motions to dismiss, the Court accepts the allegations of the complaint as true for purposes of deciding the motions.  On or about April 19, 2005, the Turners refinanced their home through Argent. The Turners allege that, in connection with the refinancing, Argent engaged in bait and switch practices.  Argent, they allege, induced them to sign loan documents with terms less favorable than represented, or unfavorable terms that were not requested or disclosed. Without their knowledge, Argent falsified income, employment, assets and deposits in order to qualify the Turners for a loan larger than they could afford, resulting in monthly payments exceeding the Turners' monthly income or which Argent knew or should have known the Turners could not support.  Argent conducted the refinancing so as to preclude, or mislead, the Turners from reading the documents they were signing.  Argent also failed to provide required disclosures and loan documents, or by failing to provide true copies of those documents.  As a result, Argent withheld from the Turners the actual terms of the loan.  The Turners allege that they did not receive complete copies of the loan documents until after contacting counsel in 2012.

On or about June 29, 2011, Bank of America, through ReconTrust Company, foreclosed upon the home, which Wells Fargo purchased at the foreclosure sale.  The Turners allege the foreclosure was conducted without following the requirements of state and federal law.

Analysis

In their first five claims for relief, the Turners allege conduct only by Argent. Accordingly, these claims are properly dismissed as to Bank of America, ReconTrust, and Wells Fargo. In their sixth claim for relief, the Turners acknowledge they have not alleged conduct by Argent and concede the claim should be dismissed as to Argent.

As to the first five claims, alleged against Argent, the Turners assert a violation of the Truth in Lending Act (TILA), 15 U.S.C. §1601 *et seq.* and Federal Reserve Regulation Z, 12 C.F.R. §226.1 *et seq.* (Count 1), fraud in the inducement (Count 2), servicing the loan without mandatory TILA disclosures (Count 3), selling and originating the loan in violation of TILA (Count 4), and a violation of the Nevada Unfair Lending Practices Act (NULPA) (Count 5). Argent argues that each of these claims is barred by the relevant statute of limitations. As acknowledged by the Turners, the applicable statute of limitations for damages resulting from a TILA violation is one year.[1]  *See* 15 U.S.C. 1640(e) ("Any action under this section must be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."). The Turners concede that they filed their complaint more than one year after their TILA claims accrued. As also acknowledged by the Turners, the applicable statute of limitations for their NULPA claim is two years. *See*, NRS §§ 598D.100, 598D.110, 11.190(4)(b). Again, the Turners acknowledge their complaint, which they filed in 2012, was filed more than two years after the alleged conduct underlying this claim, which occurred in April 2005. As to each of these four claims, the Turners argue that they are entitled to an equitable tolling of the applicable statute of limitations because they did not discover or

---

[1] In their opposition, the Turners concede that their TILA claims do not seek the remedy of rescission, as the applicable statute of limitations of three years for a TILA claim for rescission has expired.

4

become aware of the alleged violations until they retained counsel, which they allege occurred early in 2012.

As to the Turners' second cause of action, for fraud in the inducement, both parties agree that the applicable statute of limitations period is three years.  *See* NRS §11.190(3)(d).  The Turners note that this limitations period commences "upon discovery by the aggrieved party of the facts constituting the fraud or mistake." *Id.*  Relying upon their equitable tolling argument, the Turners assert that their claim for fraud did not accrue until the Turners consulted with an attorney about their rights.

The Turners' equitable tolling and accrual of claim arguments are without merit.  Both arguments ignore their discovery of the facts constituting their claims, and instead rely upon their being informed by an attorney that those facts constituted causes of actions.  Equitable tolling, while potentially available, is appropriately applied only when "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of the claim."  *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).  The standard suggested by the Turners, which seeks to toll the statute of limitations for all unsophisticated borrowers until they seek the advice of counsel, would both eviscerate the statute of limitations and deter rather than promote the requisite due diligence.  Similarly, while the Turners correctly quote the statutory requirement that a claim for fraud does not accrue until the discovery of the facts constituting the fraud, they do not offer any arguments regarding their discovery of the facts underlying their claim for fraud.  Absent from either the complaint or the Turners' opposition is any suggestion that, despite their exercise of due diligence, they were unable to discover the facts constituting their claim of fraud.  That the Turners became aware, during a visit to a lawyer, that they could bring a claim for fraud is irrelevant to the critical issue as to when they discovered the facts supporting that claim for fraud.  Accordingly, the Court will dismiss with prejudice the first five claims, brought against Argent, as each is barred by a relevant statute of limitations.

The Turners' final claim is brought against Bank of America, ReconTrust, and Wells Fargo for wrongful foreclosure.  Pursuant to NRS 107.080(5), an action to rescind a trustee's sale must be brought within ninety days of the sale.  The Turners allege that the sale was conducted on June 23, 2011.  They did not bring this action until May 2012, far beyond the ninety-day period for commencement of an action to rescind the sale.  Further, the Turners' complaint fails to allege that they were not in default on the loan.  Rather, the implication of their claims against Argent indicates that they did default on their loan.  Conversely, the Turners have not alleged that they have tendered the entire amount due and owing on the loan, a necessary prerequisite to maintaining an action for wrongful foreclosure.  Accordingly, the Court will dismiss with prejudice the Turners' claim for wrongful foreclosure as against Bank of America, ReconTrust, and Wells Fargo.

Therefore, for good cause shown,

THE COURT **ORDERS** that Joinder of Argent Mortgage Company's Motion to Dismiss (#19) of Defendants Bank of America, N.A., ReconTrust Company, N.A., and Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-WCW3 is GRANTED;

THE COURT FURTHER **ORDERS** that Defendant Argent Mortgage Company's Motion to Dismiss (#18) is GRANTED;

THE COURT FURTHER **ORDERS** that the First Amended Complaint (#15) is DISMISSED with prejudice.

DATED this 25 day of January, 2013.

_____
Lloyd D. George
United States District Judge